ANDERSON and another vs. CASE and another.

(1) TROVER. *Taking and sale no conversion, if done by consent, given by mistake, without fraud.*
(2, 3) ACTIONS EX CONTRACTU AND EX DELICTO: *Fundamental difference: Cause of action for one, will not sustain judgment in the other.*

1. Where the second mortgagee of chattels takes and sells them with the consent of the first mortgagee, the latter cannot maintain an action

against him as for a conversion, although such consent was given under a false impression as to the respective rights of the parties to the proceeds of such sale, or as to the views of the second mortgagee on that subject, such false impression not having been created by fraud on his part.

2. The distinction between an action *ex delicto* and one *ex contractu* is not merely formal but substantial, in that an execution goes against the body in the former, and only against property in the latter.

3. A judgment for plaintiff in an action for a conversion will therefore be reversed for erroneous instructions, although the record shows that he would have been entitled to a judgment for the same amount in an action for money had and received.

APPEAL from the Circuit Court for *Juneau* County.

The defendants appealed from a judgment in favor of the plaintiffs. The case is stated in the opinion.

*John Turner* (with *S. U. Pinney*, of counsel), for appellants.

*F. Winsor*, for respondents, argued that a tortious taking and conversion were shown by the pleadings and proof; and to the point that even if this was not so, and if plaintiffs were not entitled to recover in this form of action, still, as they were clearly entitled to recover in an action for money had and received, the judgment should be permitted to stand, he cited Gra. and Wat. on N. T.; 2 Burr., 931; 2 W. Blacks., 1221; 3 Barn. and Cress., 357; 8 Mass., 336, 1 Ham. (Ohio), 168; 3 Johns., 105; 6 id., 270; 1 Mass., 237: 7 id., 507.

LYON, J. The complaint charges that the defendants unlawfully seized and converted to their own use certain personal property therein described, in which the plaintiffs have an interest by virtue of a chattel mortgage thereon, executed by one J. D. Downer to secure his indebtedness to them, to the amount of $155.75. The answer of the defendants admits the taking of the property, and denies all other allegations of the complaint.

The evidence shows that the chattel mortgage of the plaintiffs was filed in the proper town clerk's office, October 1st, 1868, and that the defendants also had a chattel mortgage

upon the same property, executed by said Downer to secure his indebtedness to them, which was filed in the same office October 2d, 1868; that a part of such property, to wit, a quantity of hops, was shipped and sold by the defendants; that the balance of such property was seized by the defendants, and sold at public sale by virtue of their mortgage; and that the defendants received, and do retain, the whole of the proceeds of such sales.

The testimony tends to show that the defendants shipped and sold the hops with the consent and by request of the plaintiffs.

Before the public sale of the balance of the property, the parties entered into a written agreement relative to the proceeds of the sale thereof, which the circuit court held operated as a waiver of the alleged tortious taking of the property affected by it. This ruling of the circuit court, being in favor of the respondents, is not before us for review on this appeal.

The circuit judge instructed the jury, in substance, that if, after the defendants seized the hops, the plaintiff consented that they might ship and sell them, such consent was a waiver of the wrongful taking, and the only remedy of the plaintiffs in such case would be an action for money had and received to recover the proceeds of the sale thereof. But this instruction was given with the following qualification: "The force and effect of such consent, if any was given, would depend very much upon the plaintiffs' understanding of the defendants' claim. If they understood that the defendants considered their claim to be subject and secondary to plaintiffs' claim, and that the proceeds, by whomsoever collected, would be divided according to such respective rights, a consent under such circumstances ought not to be a waiver of the wrongful taking."

The plaintiffs had a verdict and judgment for the amount of their interest in the mortgaged property; and the defendants appeal from such judgment.

The action is for the unlawful conversion of the property de-

scribed in the complaint. Before the adoption of the code, it would have been an action of trover. If the plaintiffs consented that the defendants should ship and sell the hops, then clearly there was no conversion of the hops by the defendants, and the action of trover cannot be maintained therefor. The circuit judge so instructed the jury, and instructed them correctly. But the qualification to that instruction above stated we think is erroneous. We are unable to perceive how any misunderstanding between the parties as to their respective rights in the proceeds of the sale, or any misapprehension by the plaintiffs of the views of the defendants on that subject, not caused by the fraud of the defendants, can affect such consent or weaken the force of it. If the plaintiffs gave such consent, and if it was important to them to know, before doing so, what the views of the defendants were, as to which mortgage had priority and as to which party was entitled to be first paid out of the proceeds of the sale, they should have ascertained ,before consenting to the sale, what those views were. And it cannot weaken or change the legal effect of such consent (the defendants being guilty of no fraud), if such consent was given without knowledge of the views of the defendants in that behalf, or under a misapprehension of those views. In either case it must be held that the consent of the plaintiffs to the sale, if given, operated as a waiver of the alleged tort; and in such case there could not have been a wrongful conversion of the hops.

It is very evident that this objectionable instruction may have misled the jury. The jury may have found that the plaintiffs consented to the sale, and yet, under this instruction, if they also found that the plaintiffs gave such consent supposing that the defendants conceded the priority of their mortgage, the verdict must necessarily have been for the plaintiffs.

The plaintiffs contend, however, that although they have failed to establish their right to recover in this form of action for the conversion of the property, they have proved their right to recover the proceeds of the sale thereof in an action for

money had and received, and that therefore the verdict and judgment should not be disturbed.

The rule on this subject is, that where the case has been tried on the merits and substantial justice done between the parties, the verdict will not be set aside upon a question of form only, or upon some merely technical objection to the form of the action. 3 Graham and Waterman on New Trials, chap. XIV, sec. IX, and cases cited.

We think that an application of this rule to the present case will not save this verdict and judgment. The distinction between an action for the wrongful conversion of 'property, and an action for money had and received, is not merely technical or formal, but is a substantial one. The former is an action *ex delicto*, the latter *ex contractu.* In the one, execution goes against the body, in the other, against the property only, of the defendant. The defendants in this action are liable to be imprisoned by virtue of an execution issued upon the judgment against them, while they would not be so liable were this an action for money had and received.

It is believed that no case can be found which attempts to ignore the existence of this vital distinction between those actions, or to deal with it as merely a formal or technical matter. Certainly the learned counsel for the plaintiffs has not referred us to such a case.

We find no other error in the instructions which were given to the jury by the circuit judge. But for the error aforesaid, we think there should be a new trial.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.