# PIERCE VS. CAREY.

WARRANTY.   (1, 2) *Distinction between fraudulent and simple.*
PLEADING.   (3) *Complaint alleging fraudulent warranty, action is* ex delicto.   (4) *Amendment to change to* ex contractu *grantable.*   (5) *Not so amended,* scienter *must be proved.*

1. Upon a fraudulent warranty an action *ex delicto* will lie; but upon a simple warranty the remedy is only by an action *ex contractu*.
2. The distinction between an action for tort and one upon contract is still an essential one, since the code.
3. The complaint avers that defendant, in offering to sell plaintiff a horse, both warranted and fraudulently represented the animal as sound; that plaintiff bought him, relying upon such warranty and representation; that the horse was unsound at the time to the knowledge of the defendant, who fraudulently concealed the fact; and that, by rea-

son of the premises, plaintiff has been injured, deceived and misled, to his damage, etc. *Held*, that the action must be regarded as one *ex delicto*, for the fraud.

4. Plaintiff might have obtained leave to amend the complaint at the trial, so as to strike out all averments of fraud and proceed upon the simple contract.

5. But, no such amendment being asked, the court did not err in instructing the jury that, unless they found, not only that the horse was unsound, but that this fact was known to defendant, their verdict must be in his favor.

APPEAL from the Circuit Court for *Fond du Lac* County.

The complaint in this action alleged, in one count, that the defendant offering to sell plaintiff a horse, warranted and fraudulently represented said horse to be kind, sound and gentle, and not over nine years of age ; that, at the time, the horse was not sound, but unsound to the knowledge of defendant, and was lame and diseased, which was well known to defendant; and that he intentionally, falsely and fraudulently concealed said facts from the plaintiff, etc.   The answer admitted the sale, and that defendant warranted the horse to be sound, kind, gentle and not over nine years old, and denied every other allegation of the complaint.

The evidence on the trial was conflicting as to the *scienter*, but tended to show that the horse was not sound at the time of sale.   The court instructed the jury that, if they found that the horse was unsound at the time of sale, and that defendant knew it, they must find for the plaintiff ; but, if they found that the horse was sound, or that he was at the time unsound, and defendant did not know it, they must find for defendant ; and refused an instruction asked by plaintiff, that the warranty being admitted, if the proofs show the horse unsound at the time of sale, the plaintiff must recover; and also refused an instruction that, in an action for breach of warranty, or for false warranty, it is not necessary to show that the defendant knew of the unsoundness at the time of making the warranty.

Verdict for defendant, and the plaintiff appealed.

*Norman S. Gilson*, for appellant, argued, among other things, that in a complaint for false warranty, it is wholly immaterial whether there is an allegation of *scienter* or not; that if there is, the allegation may be disregarded as unnecessarily made. The gravamen of the action is the *breach* and not the *fraud*, and plaintiff may recover on proof of breach without proof of *scienter*. *Booth v. Northrup*, 27 Conn., 325 ; *Bartholomew v. Bushnell*, 20 id., 276 ; *Pinney v. Andrus*, 41 Vt., 631; *Goodenough v. Snow*, 27 id., 720 ; *Vail v. Strong*, 10 id., 457. The allegation of fraud, if proved, would not have added to the damages, nor could the defendant have been arrested. 2 Tay. Stats., 1452, sec. 2; *Wagner v. Lathers*, 26 Wis., 436; *Gibbs v. Larrabee*, 23 id., 495 ; *Oatley v. Lewin*, 47 Barb., 18 ; *McGovern v. Payn*, 32 id., 83 ; *Smith v. Corbiere*, 3 Bosw., 634; *Hathaway v. Johnson*, 55 N. Y., 93, 97.

If the right of arrest did exist because of fraud, the plaintiff has waived it by uniting a cause of action on contract, and must be content with an execution against property. *Robinson v. Flint*, 16 How. Pr., 240 ; *Brown v. Ashbough*, 40 id., 226.

*James Coleman*, for respondent, to the point, that action on simple warranty, and one for fraud and deceit in sale, are inconsistent; one *ex contractu*, the other *ex delictu*, cited *Lee v. Elias*, 3 Sandf., 736; *Kloppenberg v. Neefus*, 4 id., 655; *Master v. Scovill*, 6 How. Pr., 315; *Fowler v. Abrams*, 3 E. D. Smith, 1 ; *Harris v. Cone*, 10 How. Pr., 259.

RYAN, C. J. Says DIXON, C. J., in *Supervisors v. Decker*, 30 Wis., 624: "It would certainly be a most anomalous and hitherto unknown condition of the laws of pleading, were it established that a plaintiff in a civil action could file and serve a complaint, the particular nature and object of which no one could tell, but which might and should be held good as a statement of two or three or more different and inconsistent causes of action, as one in tort, one upon money demand on contract, and one in equity, all combined or fused and molded into one

count or declaration; so that the defendant must await the accidents and events of trial, and until the plaintiff's proofs are all in, before being informed, with any certainty or definiteness, what he is called upon to meet. The proposition that a complaint, or any single count of it, may be so framed with a double, treble or any number of aspects, looking to so many distinct and incongruous causes of action, in order to hit the exigencies of the plaintiff's case or any possible demands of his proofs at the trial, we must say, strikes us as something exceedingly novel in the rules of pleading. We do not think it is the law; and, unless the legislature compels us by some new statutory regulation, we shall hereafter be very slow to change this conclusion." Golden words, which should ever be present to the mind of every pleader under the code, which was designed to substitute a plain and concise statement of causes of action, and of defenses, for the intricacies of pleading at common law. All that goes to the administration of justice should be definite and certain. This is almost equally essential to the claim, the defense, and the judgment. When these become vague and loose, the administration of justice becomes vague and loose; with a tendency to rest, not so much on known and fixed rules of law, as on capricious judgment of the peculiarities of each case: on a dangerous and eccentric sense of justice, largely personal to the judges, varying as cases vary, rather than on abiding principles of right, controlling equally the judgments of courts and the rights of suitors. And it is time that those who administer the code should recur to its policy of plain and direct certainty, and rescue it from prostitution to duplicity and ambiguity, and all the juridical evils of loose and uncertain administration, more dangerous to even and uniform justice than the worst technicalities of the most intricate system. Simplicity, not uncertainty, is the object of the code. And pleadings under it should be as certain in substance as they were before it; more certain in form, because freed from technical formality.

There is an essential distinction between simple and fraudulent warranties, which has always been recognized. Story on Sales, §§ 420, 421. An action *ex contractu* is the only remedy on the former; an action *ex delicto* will lie on the latter. See 2 Chitty's Pl., 279, 679, for the common law forms of declaration in the two cases; the distinction being in the averment of a simple warranty in the one case, and of a false and fraudulent warranty in the other. This distinction of actions in tort and on contract is as essential under our present practice as it ever was. *Anderson v. Case*, 28 Wis., 505. In cases of warranty, *Williamson v. Allison*, 2 East, 446, seems to go very far in breaking down this safe distinction; but we cannot help regarding that and some kindred cases in the English courts, as loosely decided, because there was there no essential or resulting difference in recoveries in the two forms of action. But the difference may become essential and important where imprisonment for debt is abolished. And it is never safe to overlook the distinction between different forms of action, when the causes of action are materially different.

The complaint in this case appears to have followed a precedent in 1 Abbott's Forms, 384. It sets out by averring a simple warranty, and a fraudulent representation to the same effect. Such a representation, without fraud, operates as a warranty. *Austin v. Nickerson*, 21 Wis., 542. And so the complaint commences with a duplicity, expressly recommended by the author. For that ingenuous pleader states that the fraudulent representation is not necessary to the action on the warranty, but suggests that it is well to insert it, as the evidence on trial may fail to prove a warranty, yet may disclose a fraudulent representation, upon which a recovery might be had, for the deceit, under his double form of complaint: pleading, in other words, an action *ex contractu* on a warranty, with a contingent action *ex delicto* on a fraudulent representation, *in gremio*. But we apprehend that this duplicity is subsequently cured in the precedent, as it certainly is in the com-

plaint, by averment of the defendant's *scienter* in the warranty, which reconciles the warranty with the fraudulent representation, and makes both sound *ex delicto* for the deceit. The precedent avers a simple *scienter*, but the complaint here improves upon that, and avers a false and fraudulent concealment in the warranty. This is beyond question an action *ex delicto* on a fraudulent warranty and misrepresentation.

And so the parties appear to have dealt with the complaint, throughout, until they had rested their evidence on the trial. The answer admitted the warranty, but denied the fraud. And a large share of the evidence on both sides, admitted without objection, goes only to prove or disprove the *scienter* of the respondent, the fraud of the warranty. When the evidence had closed, the appellant appears for the first time to have had recourse to his special pleader's dilemma, and asked for instructions of his right to recover as in an action *ex contractu* on the simple warranty, without proof of fraud or deceit; and excepted to the charge of the court below that he could recover only in his action *ex delicto*, upon proof of the respondent's *scienter* of the falsehood of the warranty. The appellant made no other election of action, made no offer and asked no leave to amend his complaint. He stood upon his complaint *ex delicto*, and asked to recover on it *ex contractu*. The charge of the learned judge of the court below followed the complaint, and we cannot but hold that it was right.

Had the appellant, even then, asked leave to amend his complaint, so as to turn his cause of action *ex delicto* to one *ex contractu*, he might have been entitled to have his action submitted to the jury in his own way. See *City Bank v. McClellan*, 21 Wis., 112; *Harris v. Wicks*, 28 id., 198; *Trowbridge v. Barrett*, 30 id., 661, and many other cases in this court. On that question we express no opinion. But, if he had the right to amend, in such a case, he was bound to exercise it. *Anderson v. Case, supra*. Had a verdict gone against the respondent on the instructions asked, it would have convicted him on the

record of a fraud, when the proof might have established only a breach of contract. And that, aside from the question of his liability to arrest and imprisonment on execution, on which we express no opinion, would have been a wrong which no court of justice should sanction: such a wrong as the administration of the code, in its true spirit and significance, should render impossible.

Had the court below charged the jury as the appellant requested, and had the appellant thereupon recovered, a question would have arisen, whether his judgment could be upheld, which is not now here, and on which we indicate no opinion. See *Newton v. Allis*, 12 Wis., 378; *Samuels v. Blanchard*, 25 id., 329; *Anderson v. Case, supra.*

But when a plaintiff, on trial, the question of material variance between the case made in the complaint and the case proved on the trial being raised before the issue is given to the jury, abides by his complaint, without amendment or offer to amend, he cannot be permitted to reverse a judgment against him, on the ground that the court below also abided by his complaint, and refused to instruct the jury that he might recover for an essentially different cause of action.

*By the Court.* — The judgment of the court below is affirmed.