DANFORTH vs. WHARTON and another.

*Answer construed; warranty or fraudulent representation?*

In an action on a promissory note, the answer alleged, as ground of defense and counterclaim, that the note was given in part for the price of standing timber, which the vendors claimed to own free from incumbrance, and sold to defendants with warranty of title, while in fact they had a right to it only in case it should be removed by the month of October following, which fact they fraudulently concealed from defendants; and that defendants, being ignorant of such limitation, did not remove the timber in time, and consequently lost its value. *Held*, that the issue presented was as to fraudulent concealment of the facts by plaintiffs, and not as to a warranty; and there was no error in admitting evidence for plaintiffs that they communicated the facts to defendants at the time of the sale, or in charging the jury that if defendants knew or had reason to believe, when they purchased, that the time for removing the timber expired in October, they were not entitled to any deduction on account of its loss.

APPEAL from the Circuit Court for *Outagamie* County. Action upon a promissory note for $2,500, dated March 6, 1873, running to *Danforth* and Griffin, payable in nine months with interest at seven per cent. per annum. The answer alleges that the note was given for part of the purchase money of a large amount of property of *Danforth* and Griffin, including all the standing pine timber and pine saw-logs on lots 1, 2 and 3 in section 10 of a certain town; and that *Danforth* and Griffin warranted the title to all of said property to the defendants in the written contract of sale. The answer

then proceeds: "And these defendants further show ....
that although said *Danforth* and Griffin claimed to own said
standing pine timber and other property, and that all was
free from incumbrances, yet, as these defendants are informed
and believe and charge the fact to be, all the right which said
*Danforth* and Griffin had to a large amount of said standing
pine timber, to wit, to all said pine timber on lots 1, 2 and 3
in said section 10 ....., amounting to about 500,000 feet
thereof, was to take it away up to the month of October, 1873,
and that if they did not take it away by that time, they lost
the right to take it at all, and all their right to said timber,
which fact they fraudulently concealed from these defendants;
that said standing pine, with an unincumbered title, so that
it could have been taken in the season of sleighing, was worth
two dollars per thousand feet standing, or one thousand dol-
lars in all, but that the said pine was worthless if it had to be
taken away in a season when there was no sleighing; that de-
fendants would not have purchased said timber at all if they
had known they must take it by October, 1873, or lose it;
that by reason of the limitation of the time to take said tim-
ber as aforesaid, and the ignorance of defendants in respect to
said limitation, by the fraudulent concealment thereof from
them by said *Danforth* and Griffin, defendants did not move
said timber from said land at all, and the title thereto failed,
by reason of which the consideration of the note in the com-
plaint described failed to the extent of the value of said tim-
ber." The same facts are then set up in a similar manner as
the foundation of a counterclaim for $1,000.

By his reply the plaintiff denied most of the material allega-
tions of the answer, and objected to the counterclaim, that it
appeared upon the face thereof that another person, not a
party to the suit, was jointly liable with him upon the cov-
enants in the contract there mentioned.

On the trial, it appeared from plaintiff's evidence, that he
and Griffin were copartners when the note in suit was given,

and that the partnership was soon after dissolved, and plaintiff became the sole owner of said note. The note was then put in evidence, and the plaintiff rested. Defendants put in evidence the contract or bill of sale of the property, mentioned in the answer, executed to them by plaintiff and Griffin, under seal, March 6, 1873, which contained a covenant of the makers, for themselves, their heirs, executors and administrators, "to warrant and defend the said described property .... unto the said party of the second part, his executors, administrators and assigns, against all and every person and persons whomsoever." The other evidence need not be stated.

The court instructed the jury, among other things: 1. That if *Danforth* and Griffin did not, at the time of sale, have a perfect right to the timber on lots 1, 2 and 3, and, concealing that fact from the defendants, sold said timber to them expressly warranting the title without any reservation or condition, they were liable to defendants for damages resulting to the latter from such defect of title, and defendants were entitled to have the amount of such damages deducted from plaintiff's claim on the note in action, as of the date of the note. 2. That the covenant of warranty given by *Danforth* and Griffin to defendants was a warranty that the former had a good title to the timber as against all persons, and the right to convey the timber to the defendants, and give them a right to take the timber away in the ordinary course of lumbering business, and that they should have at least a sufficient part of one lumbering season, in the ordinary manner of carrying on the business, to get the timber away before the right to take the timber from the land expired; and that if such right expired before sufficient of one lumbering season had passed to enable defendants to take it away in the ordinary course of lumbering business, and defendants by these means lost the timber, then they were entitled to have its market value deducted from the amount of the note in question, as of the date of the note. No exceptions were taken to the foregoing

instructions.   The court, however, further instructed the jury that if, at the time of making the purchase, the fact was disclosed to the defendants that the time limited for removing the timber from the land was the fall following or sometime during that fall, then the defense must fail, and their verdict must be for the plaintiff for the full amount of the note, with interest.   This instruction was excepted to by the defendants.

Verdict for the plaintiff, assessing his damages at $2,857.85; new trial denied; and defendants appealed from a judgment on the verdict.

*George H. Myers*, for the appellant, contended that the court erred in admitting testimony to show that, when the note was given, defendants were informed that the time to take the timber from lots 1, 2 and 3 expired October 23, 1873; and also in its instructions as to the effect of such information.   The defense was based upon an express covenant in writing warranting the title to the property sold against the claims of all persons; and if defendants lost the property by the expiration of the time within which they had the right of taking it, before they could take it in the ordinary course of lumbering business, they had a perfect defense to the note to the extent of the value of the timber thus lost.   *Dresser v. Ainsworth*, 9 Barb., 619; 16 id., 588; 37 id., 470; 33 How. Pr., 471; 3 Abb. Pr., 158; 13 id., 118; 2 Abb. Pr., N. S., 158; 3 Bosw., 516; 1 Duer, 113; 2 Daly, 162; 1 Keyes, 271; 1 Lans., 144.   2. It is true, the jury awarded defendants some damages for loss of the timber; but it is evident to persons familiar with jury trials, that the erroneous instructions must have had a tendency to bring the jury to a compromise verdict, by which they allowed defendants only the smallest amount at which the most partial of plaintiff's witnesses fixed the value of the timber lost.   Where the charge of the court is clearly wrong, the judgment must be reversed, unless the appellate court can clearly see that the losing party could not have been prejudiced by the error.   *McKnight v. Devlin*, 52

N. Y., 399; *Greene v. White*, 37 id., 405; *Highland Bank v. Wynkoop*, Hill & Denio, 243; *Wardell v. Hughes*, 3 Wend., 418; *Sayre v. Townsends*, 15 id., 647; *Palmer v. Andrews*, 7 id., 142; *Harding v. Barney*, 7 Bosw., 353; 2 Daly, 162; *Ward v. Henry*, 19 Wis., 76; *Sears v. Loy*, id., 96; *Imhoff v. Railway Co.*, 20 id., 344.

For the respondent, a brief was filed by *Felker & Cleveland*, and the cause was argued orally by *W. B. Felker*. They contended, 1. That the defense was based upon an alleged fraudulent concealment of facts by *Danforth* and Griffin, and that under such answer defendants could not recover damages as for a breach of the contract. *Pierce v. Carey*, 37 Wis., 232; 51 N. Y., 108; 57 id., 424. 2. That if there was any error, defendants could not have been prejudiced thereby, because all the issues were found in their favor, and the great preponderance of evidence was that the timber was worth less than the amount allowed them by the jury.

COLE, J. The errors relied on for a reversal of the judgment in this case are, (1) the admission of testimony tending to prove that when the note sued on was given, the defendants were informed that the time to take the pine timber from lots 1, 2 and 3 expired on the 23d day of October following; and (2) the charge of the court to the effect that, if the defendants knew or had good reason to believe, when they gave the note and purchased the timber on lots 1, 2 and 3, that the time to take the timber from those lots expired on the 23d of October, or in the fall of 1873, then they were not entitled to any deduction from the note on account of the loss of timber, and the defense must fail.

It seems to us that the rulings of the court upon both points were correct, under the answer. The answer sets up, both as a defense and as a counterclaim, that *Danforth* and Griffin claimed to own the standing timber on these lots, free from incumbrances, which they sold to the defendants and warranted

the title, while in fact they only had the right to this timber provided they should remove or take it away by the month of October, which fact they fraudulently concealed from the defendants; that the defendants, being ignorant of the limitation within which the timber was to be removed, did not take it away in time, and as a consequence lost its value. The gist of the answer is obviously the fraudulent concealment of the material fact as to the limitation of time to remove the timber. It is founded upon fraud, and not upon the contract of warranty, as we understand the allegations. The essential distinction in the cases is pointed out in *Pierce v. Carey*, 37 Wis., 232. The answer, therefore, being founded upon the fraudulent concealment of the limitation, evidence which tended to prove that the defendants were informed as to the time within which the timber must be removed, met the precise issue on that point. This seems to us too plain to require argument in its illustration.

So in regard to the charge which is excepted to as erroneous. In this charge, the learned circuit judge submitted to the jury the distinct question, whether the defendants knew or had reason to believe, when they gave the note and purchased the timber, that the time to remove it from the lots expired in October; if so, the defendants were not entitled to any deduction on account of the loss of the timber. This, again, was meeting the issue presented by the answer. If the defendants knew about the limitation, then there had been no fraudulent concealment of that fact by *Danforth* and Griffin. Now, under this charge, which seems to us manifestly correct, the jury found that there was a fraudulent concealment, and assessed the defendants' damages. And we presume the real ground of complaint on the part of the defendants is, that the damages as allowed are too low. But we cannot review the finding of the jury on that question, as there is evidence to sustain it.

The learned counsel for the defendants insisted that the de-

fense was predicated upon a covenant of warranty, and therefore it was immaterial whether the defendants, at the time of the purchase and the giving of the note, knew anything about the limitation or not. The defense, however, as we understand it, is founded upon a fraud — the intentional and fraudulent concealment of the limitation. It is for a cause of action *ex delicto*, and not *ex contractu*. An examination of the answer will show that this view is right. It devolved upon the defendants to establish the fraud, and this it seems they did not do.

We therefore think the judgment must be affirmed.

*By the Court.*—Judgment affirmed.