## MILLER vs. SPAULDING and another.

DOG LAW. *(1) Killing dogs that worry sheep; written notice to owner not required.*
APPEAL TO SUPREME COURT. *(2) When defect in complaint disregarded on appeal.*

1. Under sec. 4, ch. 48, R. S., if a dog has killed or worried sheep, and its owner has been notified of the fact for twenty-four hours, any person may kill the dog if thereafter found out of the enclosure or immediate care of its owner or keeper; and a *written* notice to the owner is not required.
2. Where the question of the owner's *knowledge* of his dog's vicious acts, though not properly raised in the pleadings, has been fairly tried upon evidence received without objection, the defect in pleading will be remedied by amendment before or after judgment, and disregarded on appeal.

APPEAL from the Circuit Court for *Jefferson* County.

In this action, commenced before a justice of the peace, the plaintiff complained that the defendants had shot his dog. Defendants answered that the dog which they killed was running at large, with other dogs, from place to place, trespassing upon defendants' farm and chasing their sheep and stock, and was a dangerous animal to be at large, and a public nuisance.

The evidence showed that one of the defendants, by direction of the other, shot and killed the plaintiff's dog on May 31, 1875; that during the preceding month the dog worried and probably killed sheep, and the plaintiff was informed thereof during the same month; that the dog, when killed, was out of the immediate care of its owner, on the premises and near the sheep of one of the defendants; and that a large number of sheep had been killed in that neighborhood before the shooting.

From a judgment against them for five dollars and costs, the defendants appealed to the circuit court, and, the judgment being there affirmed, they appealed to this court.

The cause was submitted on the briefs of *L. B. Caswell* for appellants, and *W. H. Rogers* for respondent.

LYON, J.  We are of the opinion that this case is ruled by sec. 4, ch. 48, R. S., which reads as follows: "If any dog shall worry, wound or kill any sheep or lambs, and the person owning or harboring such dog shall not keep such dog confined after being notified of such worrying, wounding or killing, such owner or keeper shall be liable to pay damages in double the value of any sheep which may be thereafter killed by such dog, to be recovered in an action by the owner of such sheep; and any person may kill any such dog, if found out of the enclosure or immediate care of its owner or keeper, after twenty-four hours from the time of such notice."

The plaintiff's dog, when killed, was out of the enclosure and immediate care of its owner or keeper, and the plaintiff had known for several weeks that the dog had worried sheep. These conditions existing, any person might lawfully kill the dog.

It is stated in the brief of counsel for the defendants, that the learned circuit judge held that the notice mentioned in the statute must be in writing to be operative.  We think this view an erroneous one.  Had the legislature intended to require a written notice, it could easily have expressed that intention.  We are aware of no rule of statutory construction which authorizes or allows us to interpolate the words, " in writing," after the word "notified," in the statute.  We conclude that a verbal notice to the plaintiff of the vicious act of his dog is all that the statute contemplates.

It is objected that the answer is defective in that it fails to aver that the plaintiff knew his dog had worried sheep.  It should have contained such an averment.  But the *scienter* was proved without objection, and it is well settled that in such a case the answer may be amended before or after judgment so that it will correspond with the proof, or the defect may be disregarded.  In a similar case, DIXON, C. J., said: "The omission or defect of pleading in such case, it appearing that the party has had a full and fair trial, and opportunity to pros-

ecute or defend on the merits, becomes a mere formal one, which affects no substantial right, and for which the statute declares no judgment shall be reversed or affected." *Bowman v. Van Kuren,* 29 Wis., 216. See also Judge DIXON's notes to *Brayton v. Jones,* 5 Wis. (new ed.), 117, and appendix, p. 626. Hence, the objection which might have been available if taken by demurrer or when the testimony was offered, comes too late when made for the first time in the appellate court.

*By the Court.* — The judgment is reversed, and the cause remanded with directions to the circuit court to reverse the judgment of the justice.