## VASSAU VS. THOMPSON.

AMENDMENT OF PLEADING: APPEAL TO SUPREME COURT. *When defect-ive complaint treated, on appeal, as amended.*

Where a cause has been tried upon the merits, and submitted to the jury upon evidence, received without objection, tending to show a cause of action in plaintiff's favor, and under instructions to which no exception was taken, a judgment for the plaintiff on a general verdict in his favor will not be reversed on the ground that the complaint omits some aver-ment essential to the cause of action.

[RYAN, C. J., and LYON, J., dissent from the judgment, holding that the complaint, which was insufficient, might have been amended from the evidence, and under the charge, in *either of two different ways*, so as to state two different causes of action; and that in such a case judgment for plaintiff on a general verdict should not be upheld.]

APPEAL from the Circuit Court for *Polk* County.

The defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinions.

For the appellant, there was a brief by *Geo. D. McDill,* and oral argument by *S. H. Clough.*

For the respondent, there was a brief by *L. P. & J. K. Wetherby,* and oral argument by *S. U. Pinney.*

COLE, J. This action was commenced in a justice's court, to recover damages for a cow alleged to have been fatally bit-ten by a dog of the defendant. The plaintiff recovered a ver-dict for the value of the cow, on the trial before the justice. The defendant took the case by appeal to the circuit court, where there was another trial on the merits, and another ver-dict for the plaintiff. Before judgment, a motion was made for a new trial on a case made, on the grounds, (1) that the verdict was against the law and evidence; (2) that there was no evidence given on the trial to show any liability on the part of the defendant, or to warrant a verdict for the plaintiff; and (3) that the court erred in denying the defendant's motion

for a nonsuit. The motion was denied, and judgment entered on the verdict. It is now insisted that the judgment should be reversed because the complaint does not state a cause of action, in that it does not allege that the defendant had notice of the mischievous disposition of the dog.

The cause was tried in the circuit court on the pleadings filed before the justice. The complaint, omitting the title of the cause, is as follows: " The plaintiff shows against defendant, that on or about the 7th of September, at Alden in said county, the defendant's dog did bite, worry and lug plaintiff's cow, from the effects of which she was killed, to the damage of $45, for which plaintiff demands judgment and costs of suit." The answer was a general denial. On the issue thus formed, the cause was tried on its merits, without any objection that the complaint was defective. But it will be seen that no *scienter* is alleged, and none was proven. If, therefore, the defendant's liability is to be placed upon the ground that he negligently kept a dog accustomed to attack and bite cattle, with knowledge of the dog's mischievous propensity, then it seems to me the verdict is not only against evidence but is wholly unsupported by evidence. For there was not only a failure to allege and prove a *scienter*, but there really is no evidence tending to show, or which would warrant the inference, that the dog was accustomed to attack and bite cattle of his own accord. Consequently, if we were to treat the complaint as amended by an averment of *scienter*, this would not help the verdict, because neither such *scienter* nor the vicious propensity of the dog was shown on the trial.

But the learned counsel for the plaintiff does not rest the responsibility of the defendant on any such ground. He insists that the action is for an injury resulting from the defendant setting his dog upon the cow, and that the case was tried upon that theory. In that aspect of the case, it is apparent that the complaint is very defective; but if there was evidence which would warrant the jury in finding that the injury was

committed in this manner, the failure to allege that the defendant set his dog upon the cow and caused the injury, may now be disregarded, under the rule adopted by this court in a number of cases. In *Miller v. Spaulding et al.*, 41 Wis., 221, which was an action for killing the plaintiff's dog, the defendants justified the killing because the dog was running at large trespassing upon their farm, chasing their sheep, etc. The question whether the plaintiff knew of the vicious disposition of the dog, was litigated on the trial without objection, though the answer did not aver it. This court held the answer defective for want of such averment. But Mr. Justice LYON, in giving the opinion, says that "the *scienter* was proved without objection, and it is well settled that in such a case the answer may be amended before or after judgment, so that it will correspond with the proof, or the defect may be disregarded." The remarks of DIXON, C. J., made in *Bowman v. Van Kuren*, 29 Wis., 216, are cited with approval, where the chief justice says, that "the omission or defect of pleading in such a case, it appearing that the party has had a full and fair trial, and opportunity to prosecute or defend on the merits, becomes a mere formal one, which affects no substantial right, and for which the statute declares no judgment shall be reversed or affected." The same doctrine has been recognized and acted upon in *Flanders v. Cottrell*, 36 Wis., 564, and other cases. The principle of these decisions is applicable to the question before us. For no objection was taken to the complaint in the court below on any ground, nor was there any objection to the admission of testimony offered to sustain the action. Under these circumstances, it seems to a majority of the court that the defect in the complaint must be disregarded, if there was evidence to justify the jury in finding that the injury complained of was caused by the defendant setting his dog upon the cow. Of course the complaint might have been amended on the trial to make it conform to the proof given.

Assuming, then, the defect in the complaint to be an amend-

able one, or one which will now be disregarded, we have further to inquire whether there was any evidence tending to establish the defendant's responsibility on the ground on which it is placed by plaintiff's counsel. On that point we have this to say, that while the testimony is not very direct and satisfactory that the injury was caused by the defendant's setting his dog upon the cow, still we think there was sufficient evidence to carry the case to the jury upon that question. The testimony will not be commented on, and we content ourselves with saying that in our judgment the case contains circumstances and facts from which the jury might have drawn the inference that the injury was caused in this manner. If so, the verdict can be sustained upon that ground. It is true, it does not appear what view the jury took of the case, or what facts they found established by the evidence. The verdict is a general one in favor of the plaintiff. But the above is the only ground of liability which the evidence tended to sustain, and we must presume that the jury found against the defendant on that ground. It is said that it is quite as consistent with the complaint to presume that the jury found against the defendant on the ground that the dog was of a vicious disposition, accustomed of his own accord to bite and worry cattle, and that the defendant had notice of it. But this does not seem to be a legitimate presumption, for the reason that there was no evidence which tended in any way to establish such a state of facts. We are not warranted in presuming that the jury found against the defendant on some ground of liability which the evidence did not tend to establish, rather than upon a ground which it did tend to establish.

The circuit court gave a charge in the case, which was not excepted to by either side, and which is not incorporated in the bill of exceptions. It was, however, filed among the papers, and has come up with the record. No question upon the charge is properly before us. But the charge was read and commented on at the bar by the learned counsel for the de-

fendant, to show what questions were submitted to the jury. The learned circuit court, it appears, submitted the case in two aspects: (1) whether the evidence showed that the injury was caused by the defendant's setting his dog upon the cow, or (2) whether it was caused by the dog attacking the cow of his own accord, being of a vicious disposition and accustomed to bite cattle, of which the defendant had previous knowledge. But though the cause was submitted in this way, we do not think that it affects the question to be decided here. For, as we have said, the verdict can only be sustained on the ground that the defendant set his dog upon the cow, and that the jury so found from the evidence. Of course, no legitimate amendment could be made to the complaint, except to make it conform to this state of proof. So, in any view, the majority of the court think it must be affirmed.

TAYLOR and ORTON, JJ., concur.

RYAN, C. J. No case is insignificant which involves a new and important rule of decision. And I am afraid that the decision of this otherwise petty case may prove a dangerous precedent.

The complaint is confessedly bad. Under repeated decisions of this court, the defect might be amended, or considered amended, after verdict, if it were single. The difficulty is that it is double. The complaint may be amended in either of two ways, each amendment making it for an essentially different action. And the learned judge of the court below instructed the jury that the plaintiff might recover for either cause of action. Half of the jury may therefore have found for one cause, half for the other. The counsel of the appellant was understood to say that the cause was litigated below upon one ground. This court holds the judgment good upon the other ground.

It was said that the respondent might have counted on both causes of action in one complaint. Surely, but then the

appellant could have protected himself by asking for a separate verdict on each count.   And it is at least doubtful whether a general verdict could be sustained on two counts, for inconsistent causes of action resting on the same transaction.

The code requires the complaint " to contain a plain and concise statement of the facts constituting the cause of action," so that he who runs may read and understand.   Practice under the code has gone some way towards making pleadings more uncertain and unintelligible than they were at the common law.   And the rule in this case tends to make it safer to file bad pleadings in a double aspect, than good ones in a single aspect.

The subject of the complaint is a dog and a cow, hereditary enemies since the days of the House that Jack built.   But in this case, it was the dog that killed the cow.   In the light of the evidence, the complaint might be amended to charge the appellant with having set his dog on the cow, and so killed it; the man being sued for his own tort, not for the dog's.   So it might be amended to charge the appellant with having kept *scienter* a dog used to worry cows, which killed this cow; the man being sued for the dog's tort, not for his own.   Thus the ingenious pleader framed the complaint.   My own impression is, that it is meant to charge the tort of the dog, not of the man; for the dog is the nominative case and actor throughout the stating part of the complaint.

It appears that the man set his dog on a herd of cows; but there is no evidence that the cow in question was then in the herd; or that the dog, who was soon recalled by the appellant, then bit any cow in the herd.   Indeed, the evidence goes far to show that he did not.   On the whole evidence, the jury may have been warranted in finding that the dog killed the cow; but when, the evidence leaves quite uncertain.   It may have been many hours after he was set on the herd.

The cow was killed by injuries to its tail.   There was evidence

Vassau vs. Thompson.

to show that the appellant had trained his dog to bite and worry cows' tails. There is none, indeed, to show that the dog had ever done so without his master's orders. And so it appears to be assumed that he never did so. But surely the evidence would be sufficient to hold the master liable for just such an injury by his dog to a cow, without his privity; the dog acting, so to speak, under general orders; following the habit which his master had taught him. It would be a violent and irrational presumption, that either human or brute servant, trained to a particular vice by a master whom he loves and reverences, would never indulge in the vice for his own gratification, without orders. Habit becomes a second nature; and this dog presumably acquired a personal taste for ox tail. I can entertain no doubt that, on the appellant's own statement, he would have been liable for the dog's injury to a cow's tail without his knowledge or consent.

The complaint states no cause of action. And so, in the light of the evidence, it may be amended both ways; as well in one as in the other. I cannot think that it ought to be amended either way. Conceding the most liberal rule of amendment, I hold this judgment erroneous for the duplicity of the complaint, upheld by the duplicity of the charge. It appears to me that such recoveries are so uncertain as to be essentially dangerous to the administration of justice. See *Pierce v. Carey*, 37 Wis., 232.

Lyon, J. I concur in the opinion of the chief justice.

*By the Court.* — Judgment affirmed.