## THE ILLINOIS CENTRAL RAILROAD COMPANY
### *v.*
### GEORGE WHALEN.

1. EVIDENCE — *of the killing of stock by a railroad.* In an action against a railroad company to recover damages for the alleged killing of the stock of the plaintiff by the railroad, it appeared the stock was found by the side of the road, "badly smashed up," and it was held the jury were justified in finding the injury was done by the cars or locomotive of the defendant.

2. NEGLIGENCE — *when it is inferred, and when it must be proved.* In such an action, where the accident is attributable to a defective fence which it was the duty of the company to provide, if the company has failed to erect a suitable fence, negligence is inferred, but where they have performed this duty, then negligence must be proved as in ordinary cases.

3. INSTRUCTIONS — *questions of fact and of law.* The question of the obligation of a railroad company to fence their road at a particular place is one of law, not of fact, and should not be left to a jury to decide.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion of the court states the case.

Mr. GEORGE W. WALL, for the appellant.

Messrs. WILLARD & GOODNOW, for the appellee.

Mr JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case brought by George Whalen against the Illinois Central Railroad Company, in the Marion Circuit Court, to recover damages for the alleged killing of a black mare and a white mule, and injuring a sorrel mule, the

property of the plaintiff, by the locomotive and train of the company, owned and run by them on their railroad.

The issue was tried by a jury, and verdict for plaintiff.

There was no positive proof the animals were struck by the locomotive, but the presumption is strong they were, as they were found by the side of the road " badly smashed up," and no other reasonable cause could be assigned for the casualty. The jury were justified in finding the injury was done by the cars or locomotive of the defendants.

The injury was discovered on the 22d of October, and the presumption was, it occurred on the 20th of that month, by a train moving south on the night of that day. The principal ground of defense was, that the company had erected a good and sufficient fence at the place where the injury was done. There was no proof this fence was defective on the 20th ; but there was proof it was defective on the 22d, the day the discovery was made of the injury to the animals.

The jury must have inferred, inasmuch as the fence was defective on the 22d, it was equally so on the 20th, which is a *non sequitur.* It by no means follows, because a fence was out of repair on a certain day, it was also in that condition on a previous day. There was an entire absence of proof that the fence was out of repair on the day the accident happened, and therefore the company cannot be made liable except on proof of negligence. When a railroad company fails to erect a suitable fence, and an accident happens to stock, negligence is inferred, but when they have performed this duty, then negligence must be proved as in ordinary cases. It is not proved in this case, as no witness saw the occurrence, and nothing is shown to justify such an inference.

But it is said by the appellee, there is a count in the declaration, predicating negligence on a failure to ring the bell or sound the whistle, and, on the proof under this count, the verdict was right, whatever might have been the condition of the fence on the 20th of October.

There is no proof to sustain this count. The only witness speaking to this point was Salem David, who says, " the train

went down that night; did not ring bell or blow whistle as I heard; was at my brother's, one mile from the railroad; did not hear a bell or whistle that night; commonly hear a whistle."

Now, that he did not hear bell or whistle, being one mile distant, does not prove, that one or both was not sounded. Much depends on the direction of the wind and the relative positions of the objects. The witness does not say, that, situated as he was, on that night, and under the same conditions, he commonly heard a whistle. He might commonly hear a whistle under certain circumstances, which did not exist on that night. There was no proof sufficient to establish negligence, on this ground.

It is also insisted by the appellants, that the plaintiff's instructions were wrong, particularly the second and third.

The instructions were as follows:

"1. The court instructs the jury, that, if they believe, from the evidence, that the stock of plaintiff was killed and crippled by reason of negligence of the said operators of said train in not ringing their bell and blowing their whistle on their part, plaintiff using ordinary care to prevent such accident, the jury will find for plaintiff, and assess his damages as proved.

"2. That if the jury believe, from the evidence, that the stock got upon the road at a point where the company were bound to fence the road, and the road was not fenced, or that the fence was in such a bad condition, that it would not turn stock, and the stock was then killed and wounded, then they should find the verdict for plaintiff, and assess his damages at the amount proved.

"3. The court instructs the jury, that they must take and construe the evidence all together, and if they believe, from the evidence, that the stock was killed and wounded in a place where the company were bound to fence, or that the fence was in such a condition that it would not turn stock, and not within the limits of a town, city or village, and within five miles of a settlement, nor at a public crossing, then they should find for plaintiff, and assess his damages as proved."

To the first, no objection is made.   The second and third are both subject to just exception, inasmuch as they leave the question of the obligation of the railroad to fence their track, to the jury, whereas this court has always regarded it as a question of law.   The statute defines the points and places whereat fences shall be made.   The obligation to fence is created by statute, and that alone must be invoked to establish the duty, from the non-performance of which, negligence is presumed.

The judgment must be reversed and the cause remanded, that a new trial may be had.

*Judgment reversed.*