PEYTON v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Railroads:** INJURY TO ANIMALS ON TRACK: RIGHT TO FENCE: DEPOT GROUNDS: CITY STREETS. Action for the value of horses killed on defendant's main track outside but near the entrance of the side tracks at a station, and at a place where the town plat was bounded by the right of way. The company claimed that it had not the right to fence its track at that point because (1) it was a part of the depot grounds,—it being necessary for the trainmen to use the track at that point for entering the side tracks, and (2) because the streets and alleys of the town extended to the right of way. But *held* that this position could not be sustained, because the absence of a fence at that point was not necessary for the convenience of the public in transacting business with the company at the station, and the streets and alleys did not cross the right of way.

*Appeal from Dallas District Court.*

WEDNESDAY, DECEMBER 22.

ACTION for double the value of two horses, which, it is alleged, were killed by a train of the defendant, at a point on its railroad where the road was not fenced, but where the right to fence existed. It is claimed by the defendant that the animals were killed upon the depot grounds of the railroad where there was no right to fence. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*Wright, Cummins & Wright*, for appellant.

*White & Clark*, for appellee.

ROTHROCK, J.—It appears from the evidence that the horses in question were struck and killed by a train of the defendant, at a point on its main line of road about 140 feet west of the switches or side tracks at the town of De Soto, in Dallas county. The railroad was located and built before the town was laid out, and the town is on the north side of the railroad, and is so laid out that the ends of the streets abut on the railroad right of way. No part of the land on the south side of the railroad was platted as part of the town. The land south of the right of way was inclosed by a fence, as well as a portion on the north side between the place where the horses were killed and the southern, or rather south-western, boundary of the town plat. Cattle-guards were placed at the western boundary of the town, about 1,000 feet west of where the horses were killed. The depot grounds, switches and side tracks were all east of the point where the animals were killed. The defendant claims that, when it established the station, the side tracks and cattle-guards, and showed the use of such tracks for station purposes between the cattle-guards, it made an allotment or selection of station grounds for the transaction of business with the public, and that no right to fence exists at any point on the line thus designated as station grounds; and that, although the animals were killed on the main line, beyond the side tracks and switches, yet, that being between the cattle-guards, where it was necessary to use its main track for the purpose of stopping trains and uncoupling cars to be thrown in on the west end of the switches, no fences nor cattle-guards should be erected at the end of the switches, because they would endanger the lives of its employes in coupling and uncoupling cars.

There are numerous cases where this court has held that, under section 1289 of the Code, a railroad company is not liable for damages for live-stock killed by reason of a failure to fence depot grounds. See *Davis v. Burlington & M. R. R'y Co.*, 26 Iowa, 549, and other cases. The uniform holding

has been that the company has no right to fence its track at such places as the public have the right to come upon the right of way to transact business with the company, as a carrier of freight or passengers,—such as at side tracks set apart and used for receiving and . discharging freight. This would not include parts of the track not used for the purpose of the transaction of business between the company and the public. It would not include that part of the road where there are side tracks used for the convenience of the company, and not at stations. The damage was not done in this case at a point on the line where the public had any business with the road. The animals were killed outside of the switches and outside of the depot grounds. It may be true, as the defendant claims, that at that point it was necessary for the trainmen to use the track for the purpose of entering the switches, and that a fence and cattle-guards across the track at the end of the side tracks would be an inconvenience, and possibly an increase of the hazard of coupling and uncoupling cars. But it is very plain that the right to fence existed, notwithstanding these facts. The theory of exemption from the statute requiring fences has always been founded upon the relation of the company to the public, and not to any other consideration. In the case at bar the depot grounds were plainly within the switches. The defendant relies upon the case of *Cole v. Chicago & N. W. R'y Co.*, 38 Iowa, 314, as sustaining the doctrine that, where the company surveys and plats and allots its depot grounds, such selection or allotment is conclusive as to the extent and boundary thereof. But there is nothing in that case which defines the proper limits of depot grounds. The fixing of cattle-guards at long distances beyond the switches, and failing to fence between such guards and the switches, cannot be regarded as setting apart that part of the main line as station or depot grounds, unless it be necessary, for the purpose of transaction of business with the public, that such part of the line remain unfenced.

We think, therefore, that the court did not err in refusing to give instructions to the jury requested by the defendant based upon the grounds above discussed; and we find no error to the prejudice of the defendant in the instructions given by the court.

Something is said in argument about the horses having been killed within the corporate limits of the town of De Soto; but it appears from the evidence that the streets and alleys did not cross the right of way; and the question of the right to fence lots and blocks between streets and alleys is not in the case.

AFFIRMED.