JOSEPH RINEAR v. THE GRAND RAPIDS & INDIANA RAIL-
ROAD COMPANY.

*Railroad companies—Fences—Depot grounds—Injury to cattle.*

1.  The criterion is not whether all the grounds set apart by a railroad
    company for depot and station purposes have been *actually used*,
    but whether, in view of the present or prospective needs of such
    grounds for station or depot purposes, the company has used a
    *reasonable discretion* in throwing them open for that purpose.

2.  Where the testimony shows, without dispute and beyond question,
    that the station grounds of a railroad company are not unreason-
    ably extensive for the accommodation of the public, and of the
    patrons of the road at that place, and that the animal killed
    entered upon the premises of the company within their limits,
    the question of their extent should not be submitted to the jury,
    it being a question of law for the court.  *McGrath v. Railroad
    Co.*, 57 Mich. 555.

Error to Antrim.   (Ramsdell, J.)   Argued May 10, 1888.
Decided June 15, 1888.

Negligence case.   Defendant brings error.   Reversed.   The
facts are stated in the opinion.

*T. J. O'Brien* and *J. H. Campbell,* for appellant, con-
tended as stated in the opinion.

*Frank E. Robson,* for plaintiff, contended:

1.  That the defendant, to bring itself within the exceptions to the
    statute, must clearly show that, at the point where the cow
    entered the right of way, it was either illegal to fence the right
    of way, or the public necessity demanded that the place be left
    open; citing *Railway Co. v Lull,* 28 Mich. 510; *Railway Co. v.
    Campbell,* 47 Id. 265; *Railroad Co. v. Dumser,* 109 Ill. 402; *Davis
    v. Railroad Co.,* 26 Iowa, 549; *Bradley v. Railroad Co.,* 34 N. Y.
    427.

2.  The defendant, to be excused from fencing, must show a public
    convenience; citing *Railroad Co. v. Lindley,* 75 Ind. 426; *Tracy
    v. Railroad Co.,* 38 N. Y. 433; *Morris v. Railway Co.,* 58 Mo.
    78.

CHAMPLIN, J. Plaintiff brought suit before a justice of the peace to recover damages for killing a cow belonging to plaintiff, and recovered a judgment. The defendant appealed to the circuit court, where the case was tried by a jury, who rendered a verdict for plaintiff.

There is no dispute that the cow was running at large in the village of Alba, Antrim county, on June 19, 1886, and that she entered upon defendant's right of way at a point about 18 rods south of the depot building, and, while walking north upon the main track, was struck and killed by the locomotive of a passenger train. The premises of the defendant were not fenced at the point where the cow entered upon defendant's right of way. The defense is that the point where the cow entered upon defendant's premises was part of the depot grounds of the defendant at Alba, and that the defendant was not required to fence there.

The liability of defendant is predicated upon its negligence in not maintaining and having fences and cattle-guards on and along its right of way where the animal entered upon its premises.

The facts which determine the rights of the parties to this suit are undisputed. The station or depot grounds at Alba extend from a point at or near the highway crossing, on the north of the depot building, to a point 18 or 20 rods south of such building, at least as far south as the switch of the side track on the east side of the main line. There was testimony which showed that logs were piled even further south of the switch on the west side of the track to be loaded on cars. The space along the switch had been used to pile lumber, and load the same upon the cars for shipment, as far south as to within six rods of a certain fence called the " Stevens Fence," which united with the fence along defendant's right of way south of its station grounds. A portion of this space was used for the passage of teams in hauling logs. The cow entered upon defendant's right of way north of the switch.

The fact that this space of six rods or thereabouts, which had been provided by the defendant to accommodate its patrons in piling freight for shipment, had not been actually used for that purpose, does not deprive it of its character as station grounds. The court charged the jury that, in determining the question of depot grounds, it would include the side tracks and switches necessary for the business of the station, and for the storage of cars, and the running of trains in order to allow others to pass, etc., and then left it to the jury to find whether the switches and side tracks for the accommodation of that depot extended further south than where the cow entered upon the track; and if they did then she entered upon depot grounds, and the company was not liable, and if it did not so extend further south than where the cow came on the track, then it is not and has not been dedicated as depot grounds, and, if it has not been used as such, then the company is liable.

The court erred. The criterion is not whether all the grounds set apart for depot and station purposes have been actually used, but whether, in view of the present or prospective needs of such grounds for station or depot purposes, the company has used a reasonable discretion in throwing them open for that purpose. Where, as in this case, the testimony shows, without dispute and beyond question, that the station grounds are not unreasonably extensive for the accommodation of the public, and of the patrons of the road at that place, and that the animal entered upon the premises of defendant within the limits of its station grounds, the court should not have submitted the question of the extent of such grounds to the jury, for the reason that, the facts being undisputed, it became a question of law for the court whether the defendant was liable.

The principles laid down in *McGrath v. Railroad Co.*, 57 Mich. 555 (24 N. W. Rep. 854), rules this case, and the court should have granted the request of defendant's attorney, and

directed a verdict for defendant. The question of the $25 attorney's fee, which was included in the judgment rendered by the justice, has been disposed of by the recent cases of *Schut v. Railway Co., ante,* 433, and *Wilder v. Railway Co., ante,* 382.

The judgment must be reversed, with costs of both courts to defendant, and a new trial granted.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred.