JOHN P. HARRIS, Respondent, v. THE WABASH RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 14, 1892.

Practice: UNITING DIFFERENT CAUSES OF ACTION: KILLING STOCK. A petition against a railroad company for killing stock uniting in one count a cause of action for not maintaining fences, etc., also a cause of action at common law for not sounding the bell, etc., at a crossing, and a cause of action for negligence, is bad, and it is error to overrule a motion to require plaintiff to elect on which cause of action he would proceed to trial.

*Appeal from the Audrain Circuit Court.*—Hon. E. M. Hughes, Judge.

Reversed and remanded.

*F. W. Lehmann* and *Geo. S. Grover*, for appellant.

There was an improper misjoinder of two separate and independent causes of action in the third count of plaintiff's petition, and this defect was properly taken advantage of by the defendant. *McCoy v. Yearger,* 34 Mo. 134; *Otis v. Bank,* 35 Mo. 128; *Hoagland v. Railroad,* 39 Mo. 451; *Bank v. Bayliss,* 41 Mo. 275; *Luckie v. Railroad,* 67 Mo. 245; *Parker v. Rodes,* 79 Mo. 88; *Christal v. Craig,* 80 Mo. 371; *Brown v. Railroad,* 20 Mo. App. 427; *Offield v. Railroad,* 22 Mo. App. 607; *Fadley v. Smith,* 23 Mo. App. 87.

*John A. McIntire* and *W. W. Fry,* for respondent.

There was no misjoinder of two separate causes of action. If anything improper it was irrelevant or redundant matter, and could have been reached only by motion to strike out. Revised Statutes, 1889, sec. 2057.

Gill, J.—This cause was tried in the circuit court on the petition of plaintiff, the substance thereof reading as follows: "Plaintiff states that on the third day of October, 1890, in said county and state, at a point on the track of defendant's said railroad where the same passes along and through and adjoining inclosed and cultivated fields, and at a point where defendant's said railroad was not fenced with a good and sufficient fence, gates and cattle-guards, and where the defendant was required to maintain sufficient fences, gates and

cattle-guards, the defendant negligently and carelessly failed to maintain said fences, gates and cattle-guards, and by its agents and servants, running its said engine and cars, on its said road at said point, negligently and carelessly, with its said engine and cars, ran over one bay horse, the property of plaintiff, of the value of $125, and thereby killed said horse. That by reason of the carelessness and negligence of said defendant, in failing to maintain proper fences and cattle-guards, and in its failure to properly construct and maintain its roadbed and track, and in its negligence and carelessness in operating and running its engine and train of cars over its said road, and in its failure to ring the bell on its said engine, and sound the whistle thereon, and properly manage, control and run its said engine and train of cars, plaintiff's said horse was thereby run over and killed; wherefore," etc.

Defendant, on being brought into court, and at the very threshold of the case, filed its motion, praying the court to compel plaintiff to elect upon which of the several causes of action, alleged to be set out in the petition, he would proceed to trial. The motion was denied and defendant properly and timely saved its exceptions. The cause was proceeded with, resulting in a judgment for the plaintiff, and defendant appealed. For the purposes of this opinion this is all that need be stated.

I. The petition in this case, which we have here quoted *in hæc verba*, is certainly an instance of very bad pleading, sadly wanting in that "plain and concise statement of facts constituting a cause of action" demanded by our code of civil procedure. It pretends the statement of one and only one cause of action, and yet comprises within its allegations such a conglomeration or mixture of several causes of action as to well cause confusion in the minds of court and opposing

counsel, and becloud the real intention of the pleader who drafted the paper. Within the bounds of this petition there seems to be an admixture of at least *three* causes of action, and all in one count: *First*, the pleader seems to rely on a statutory cause of action because of an alleged failure of the defendant railroad to maintain sufficient fences or cattle-guards, by reason whereof plaintiff's horse escaped onto the track, and was run over by defendant's cars, imposing liability on defendant by reason of sections 2611 or 4428, Revised Statutes, 1889; *secondly*, the plaintiff seems to complain of defendant's trainmen in failing to ring the bell or sound the whistle at a railroad crossing, and which would render defendant liable for damages thereby occasioned, as provided for in section 2608; and, *thirdly*, allegations appear in this one count pointing only to an action for common-law negligence.

Now with this confused, though imperfect, statement of several causes of action in one count, how was the defendant to know what it was called on to meet? To what should its proof be directed? Should it go to trial prepared to meet the charge of inferior fencing or cattle-guards, or to meet the charge of failure to sound the whistle or ring the bell at the crossing, or should it come prepared to disprove the alleged negligence of its servants in the operation of the train which ran over plaintiff's horse? The statute has provided for uniting certain different causes of action in one petition. Revised Statutes, 1889, sec. 2040. "But the causes of action so united * * * *must be separately stated*, with the relief sought for each cause of action, in such a manner that they may be intelligibly distinguished." The one count of the petition, which we have above quoted, was drawn in open violation of this section of the statute. It commingles in one count the statement, or attempted statement, of several different

causes of action, and which, too, require different evidence in proof or defense. The remedy afforded to the defendant, in such a case of improper intermingling of causes of action which may be united in one petition, but must be separately stated, is by motion to elect, such as was adopted by this defendant. And clearly, then, the lower court ought in this instance to have sustained and not overruled said motion. 1 McQuillin on Pleading & Practice, secs. 190, 198; *Brown v. Railroad*, 20 Mo. App. 427.

Nor was this defect waived, since the defendant's motion was timely filed. *Fadly v. Smith*, 23 Mo. App. 93; *Christal v. Craig*, 80 Mo. 371. Because then of this error the judgment will be reversed, and the cause remanded to be proceeded with as herein suggested. All concur.