Wirth, Respondent, vs. Bartell, Appellant.

*January 11 — January 31, 1893.*

*Pleading: Joinder of causes of action: Election: Justices' courts: Appeal.*

1. Where the complaint, in a single count, states a cause of action on contract and also one in tort, it is error to refuse to require the plaintiff to elect upon which he will proceed; and the error is not cured by an election after a trial of all the issues, where the judgment for plaintiff includes the costs of such trial.

2. Though the objection that several causes of action are improperly joined was not taken in justice's court, the question may be raised in the circuit court on appeal by a demurrer *ore tenus*.

APPEAL from the Circuit Court for *Fond du Lac* County. The facts are stated in the opinion.

For the appellant there was a brief by *Phelps & Watson*, and oral argument by *J. W. Watson*.

For the respondent there was a brief by *Duffy & McCrory*, and oral argument by *J. H. McCrory.*

Orton, J.  The action was brought before a justice, and the plaintiff's cause of action consisted of an amount due on settlement, December 28, 1885, $6.96, and of several items of book account since then of $31.42, and of several trespasses by the defendant's animals, doing damage to plaintiff's crops, and of a personal trespass by breaking the plaintiff's gate and fences, of the aggregate damages of $63; making in all, $101.38.  The defendant demurred to the complaint on account of several causes of action being im-

properly united. The justice entered, "Motion overruled." The defendant pleaded setoffs of $126.60. The jury found a verdict of $1.10 in favor of the defendant, and judgment was entered by the justice for the amount of the verdict and $87.42 costs.

The plaintiff appealed to the county court of Fond du Lac county, and a change of venue was taken to the circuit court of said county. The proper affidavit was made for a new trial on the merits. The case was referred to D. D. Sutherland, Esq., as referee, to hear, try, and determine. Before any evidence was offered, the defendant "objected to any evidence under the complaint, on the ground that it states no cause of action; and on the further ground that two or more causes of action were improperly united." The objection was overruled. The defendant then asked leave "to amend his answer by stating the same objection, that two causes of action were improperly united," which was denied. The defendant then "demanded that the plaintiff *elect* as to the cause of action to be relied upon, either in tort or contract," which was also refused. The defendant then moved "that no evidence be admitted until the plaintiff elects which ground, tort or contract, he will proceed under," which motion was overruled.

The plaintiff introduced evidence to sustain his action on the book account in contract, *and also* to sustain his cause of action for damages by reason of the trespasses of defendant and his animals, under the repeated objections of the defendant. After the conclusion of the testimony, and before the decision of the referee, the plaintiff's attorneys filed a written "waiver of the right to recover for the torts mentioned in the complaint," without notice to the attorney of the defendant. The referee found for the plaintiff the amount of such settlement of $6.96, and items of book account amounting to $2.57, making in all $9.53, and, with interest thereon, $14, less $1.50, defendant's set-

offs. The report of the referee was confirmed by the court, and judgment was rendered for the plaintiff for $12.50 damages and $178.03 costs. The defendant's motions and objections before the referee to get rid of the trial of both of these causes of action together were renewed before the court, and proper exceptions taken.

The most important and material error in the record affecting the judgment is the trial of both of these causes of action after the repeated attempts of the defendant to avoid it. The bill of costs is proportionably very large, and was incurred as much or more in the trial of the trespasses complained of as or than in the trial of the cause of action in contract, and yet the court rendered judgment only in the latter case. The objection taken thereto in the justice's court is not material, for the defendant obtained a judgment. The defendant certainly used every possible means, and made repeated attempts in the circuit court, to avoid the trial of these misjoined causes of action, but failed. It was too late for the plaintiff to cure the mischief, after the trial, by electing to proceed on the cause of action in contract only, and after most of the costs and expenses had been incurred in the trial of the trespasses, without allowing the defendant to recover his costs on the latter issues, or at least limiting his own recovery of costs to such as were made in the trial of the cause of action in contract. But it was impossible to do this. Such a division or separation of the costs could not have been made. The error was clearly fatal to the judgment.

First. If this ojection had not been taken before the justice, it was not too late to raise the question on a demurrer *ore tenus* in the circuit court on appeal. *Martin v. Atkinson,* 64 Wis. 493. Second. These two causes of action were improperly united, and that was good ground for a demurrer. Sec. 2649, R. S. ",A single count of a complaint cannot be permitted to contain causes of action of two dif-

ferent kinds; as one in tort, and one for money demand on contract." *Kewaunee Co. v. Decker*, 30 Wis. 624; *Cary v. Wheeler*, 14 Wis. 281. Where the action is· both in contract and for tort, the plaintiff should have amended his complaint, and struck out one of the causes of action and proceeded .on the other. *Pierce v. Carey*, 37 Wis. 232. Causes of action *ex delicto* and *ex contractu* cannot be tried in one action, for execution on the judgment on the former is against the body, and on the other against property. *Anderson v. Case*, 28 Wis. 505. The referee should have ruled that the plaintiff elect on which cause of action he would proceed; but, instead of doing so, he overruled every objection and refused every demand of the defendant for such purpose, and the circuit court affirmed the rulings of the referee.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.