MATZ et al. v. CHICAGO & A. R. CO.

(Circuit Court, W. D. Missouri, W. D. June 13, 1898.)

1. CODE PLEADING—NEGLIGENCE—JOINDER OF CAUSES OF ACTION.
   To allege three distinct acts of negligence in one count, either one of which would give a cause of action prima facie,—one based on a city ordinance, one on a state statute, and the other on negligence at common law,— is bad pleading under the Missouri Code; and a motion to compel plaintiffs to elect on which cause of action they will rely is well taken.

2. SAME—ALLEGATIONS OF NEGLIGENCE.
   Negligence must be distinctly alleged; and, in an action for death at a railroad crossing, it is insufficient merely to aver that no watchman or

gates were maintained "to warn children or the public in general of the approach of cars and engines," without further averring that the company was negligent therein.

**8.** SAME—ARGUMENTATIVE ALLEGATIONS.

In a petition to recover for death at a crossing, after setting out an ordinance limiting the speed of trains, an averment that "it became the duty" of defendant's employés not to move any cars within the city limits at a greater speed than six miles an hour is an allegation of a legal conclusion, and may be stricken out on motion.

This was an action at law by Peter Matz and others against the Chicago & Alton Railroad Company to recover damages for the killing of plaintiffs' child at a street crossing. The case was heard on motions to compel plaintiffs to elect on which cause of action they will rely, and to strike out certain parts of the petition.

Scarritt, Griffith, Vaughan & Jones, for plaintiffs.

Wash. Adams, for defendant.

PHILIPS, District Judge. The defendant has filed a motion herein to compel the plaintiffs to elect upon which of the several causes of action they intend to rely at the trial. The petition is based upon the negligence of defendant's servants in charge of one of its trains in killing plaintiffs' child at a point where it is alleged the railroad intersected a public street in Kansas City, Mo. It is to be kept in mind in the consideration of cases like this that the cause of action is not so much that a person has been killed by the railroad as it is the imputed negligence of the railroad, through its servants and agents, which occasions the injury or death. An injury may result to a person by a collision of a railroad train without any cause of action arising thereon to the party injured or his legal representatives; and a petition which should state in a case like this nothing more than that "A." was run over and killed by a locomotive engine and train of cars of the defendant railroad company would not state any cause of action, for the reason that the action is predicated of the negligent conduct and acts of the railroad company. Railway Co. v. Wyler, 158 U. S. 285 et seq., 15 Sup. Ct. 877.

There is but one count in the last-amended petition in this case. It is alleged in one part of the petition that there was at the time of the injury an ordinance in force, adopted by Kansas City, a municipality, which prohibited conductors, engineers, firemen, brakemen, or other persons from moving, causing or allowing to be moved, any locomotive, tender, or cars within the city limits at a greater rate of speed than six miles per hour; and it is alleged that at the time in question the said servants and agents of the defendant railroad company ran a locomotive engine and cars, which did the injury, at a greater rate of speed than six miles an hour, and were therefore violating a penal statute of the city at the time of the injury, whereby a cause of action arises to these plaintiffs. It is next alleged that the servants and agents of the defendant company were guilty of negligence in running upon the deceased without giving him any notice or warning of the approach of the train, and without slowing up or slackening the

speed thereof. From this it might well be inferred that the injury resulted from the failure of the defendant company to give the statutory warning by sounding the whistle at 80 rods from a public crossing, and for failing to either keep up said signal of warning, or by ringing the bell until the crossing was passed. This is another statutory cause of action. Further on, it is alleged that the said servants and agents of the defendant company were guilty of negligence, on approaching the deceased, standing on the railroad crossing, in not discovering his presence, which they might have done with the exercise of ordinary care, in time to have prevented injury by checking the train. This is a common-law ground of recovery, predicated upon common-law negligence. The petition, then, after reciting these several negligences, concludes as follows:

"That by reason of said negligence [which negligence is not stated] of the defendant, acting by and through its agents, servants, etc., in charge of and running said locomotive and train of cars, and by reason of the negligence of the defendant's said servants, agents, etc. [which is but a repetition of the preceding paragraph], the said locomotive and cars were by them moved and run upon and against said William Matz [the deceased] at the time and place aforesaid, and thereby injured," etc.

It is thus made apparent that the plaintiffs have attempted to state three distinct acts of negligence, either one of which would give a cause of action, prima facie,—one based upon the ordinance of the city, another upon the state statute, and the other from negligence at common law. The state court of appeals, sitting in this district, has decided, in Harris v. Railway Co., 51 Mo. App. 125, that this is bad pleading, for the reason that it conjoins in one and the same count several causes of action, in violation of the code pleading. And I am persuaded after consideration that the rule thus established by the state court of appeals is a correct one. The defendant is entitled to know, before it proceeds to trial, upon which cause of action it is to join issue, and upon what distinct ground the plaintiffs propose to give battle. It is also important that both the court and the jury should be advised as to what distinctive issue is in the trial of a cause; and the verdict of the jury should be so responsive to the issue that it could be known at once upon what particular negligent act the jury based their verdict. A verdict on this petition would be a general verdict; and, if for the plaintiffs, it would be impossible to determine from the verdict upon which imputed negligence the jury reached their conclusion. A plaintiff ought to know in advance his case, and what the negligence was that caused the injury. It is observable that the petition does not allege in its conclusion that the injury or death of the party resulted from all the causes of negligence combined, co-acting to produce a common result. But it alleges "that by reason of said negligence"; but which of them, or whether all combined, is not stated. Such pleading makes a chance medley, instead of a plain and concise statement of the facts constituting the cause of action, required by the Code. The motion to elect is therefore well taken.

The defendant moves to strike out certain statements made in the petition. The first is the allegation "that, at the time herein re-

ferred to, no watchman was stationed or gates or bars maintained, at the said crossing of defendant's tracks, on said Agnes avenue, to warn children or the public in general of the approach of cars and engines thereto." It is not alleged that the placing of such gates or watchman was required by any ordinance or statute, nor is it alleged that defendant was guilty of negligence in failing to do so.

The motion to strike out is also aimed at the following allegation in the petition, following immediately after setting out the ordinance of the city aforesaid:

"That, at the times herein referred to, it became and was the duty of the defendant's conductors, engineers, agents," etc., "in charge of and while running, conducting," etc., "defendant's locomotives and cars, not to move or cause to be moved any locomotive or car within the city limits at the place aforesaid at a greater rate of speed than six miles an hour."

This averment is quite unnecessary. It is nothing more than a conclusion of law drawn from the antecedent allegation of negligence resulting from the violation of the city ordinance. It is therefore bad, as not a statement of fact constituting the cause of action, and is argumentative in stating the law of the case, which comes within the province of the court. The motion to strike out these statements in the petition is therefore sustained.