Argued 12 April, decided 12 May, 1905.

## HARVEY v. SOUTHERN PAC. CO.

80 Pac. 1061.

WAIVER OF MOTION TO STRIKE COMPLAINT.*

1. A motion to strike out a complaint must be made before answering, under Section 81 of B. & C. Comp., and is therefore waived by pleading over.

COMPELLING ELECTION BETWEEN CAUSES OF ACTION.*

2. Where a pleading shows double statements of the same cause of action, or different grounds of recovery for the same right, the plaintiff will usually be required before the taking of evidence begins to select one ground and abandon the others, though there are a few exceptions to this rule.

DISCRETION AS TO COMPELLING ELECTION.

3. Whether a motion to require a party to elect should be granted is largely discretionary, care being had to promote justice and truth.

PLEADING SEPARATE CAUSES OF ACTION.

4. Separate rights of action must always be separately stated, while separate statements of a single right may or may not be allowed, as the occasion may require.

This is an example of properly requiring an election between statements of a right of action: A plaintiff having stated a cause of action under the statute against a railroad company for killing stock on unfenced track, and having also stated a cause of action for ordinary negligence in killing the same stock at the same place with the same train, the court required him, before offering evidence, to select either the statutory or the common-law negligence and abandon the other.

TIME OF REQUIRING ELECTION.

5. A motion to require a party to elect which cause of action will be pursued may be made after an appeal from a justice's court and at any time before the examination of witnesses begins.

*NOTE.—See, also, *Fleischman* v. *Meyer,* 46 Or. 267.    REPORTER.

STOCK KILLED ON TRACK—LIMITS OF STATION GROUNDS.
6. The entire space between the shortest switch connections with the main line in a railroad yard is within the yards or station grounds that need not be fenced under Section 5146 of B. & C. Comp.

From Jackson: HIERO K. HANNA, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is an action instituted by J. A. Harvey against the Southern Pacific Co. in a justice's court. The complaint states in a single count a cause of action against the defendant based upon common-law negligence in running its train upon and killing the plaintiff's cow, and another cause for not fencing its track, whereby the cow was permitted to stray thereupon, and was killed by a passing train. It was further alleged that plaintiff duly served upon the defendant a proper notice of the killing of the animal and his claim therefor, and that $50 is a reasonable attorney's fee for the prosecution of the action. Judgment was for the plaintiff, and defendant appealed to the circuit court. The cause coming on for trial in the latter court, and after the impaneling of the jury and the opening statements of counsel, counsel for defendant filed a motion asking the court to require the plaintiff to elect upon which cause of action he would proceed to trial, which motion being allowed, the plaintiff confined his examination to the cause based upon the failure of the defendant to fence its track. At the close of the testimony the defendant moved for a directed verdict in its favor, which motion was allowed; and, judgment having been rendered accordingly for the costs and disbursements of the action, the plaintiff appeals.                                   AFFIRMED.


For appellant there was an oral argument by *Mr. Hayward Howard Riddell,* with a brief by *Mr. Enoch B. Dufur,* to this effect.

I. Where several causes of action have been improperly joined, the general rule is that the objection must be made by demurrer, which was not done here: *Haverstick* v. *Truesdel,* 51 Cal. 431; *Simpson* v. *Greely,* 8 Kan. 586; *Blossom* v. *Barrett,* 37 N. Y. 434 (97 Am. Dec. 747); *Finley* v. *Hayes,* 81 N. C. 368; *Field* v. *Hurst,* 9 S. C. 277; *Corbett* v. *Wrenn,* 25 Or. 311 (35 Pac.

658). Beyond a doubt it cannot be raised after no reference has been made to the matter in the answer: *White* v. *Delschneider,* 1 Or. 254; *Spaur* v. *McBee,* 19 Or. 76, 78 (23 Pac. 818) ; *Wilson* v. *Wilson,* 26 Or. 251, 261 (38 Pac. 185) ; *Cooper* v. *Thomason,* 30 Or. 161, 176 (45 Pac. 296).

II. Depot grounds means the place where passengers board and alight from the trains, and where freight is loaded and unloaded, allowing a reasonable space for such purposes: *Smith* v. *Chicago & N. W. Ry. Co.* 60 Iowa, 512 (15 N. W. 291) ; *Peyton* v. *Chicago, R: I. & Pac. Ry. Co.* 70 Iowa, 522 (30 N. W. 877) ; *Fowler* v. *Farmers' L. & T. Co.* 21 Wis. 78; *Dinwoodie* v. *Chicago, M. & St. P. Ry. Co.* 70 Wis. 160 (35 N. W. 296) ; *Jaeger* v. *Chicago, M. & St. P. Ry. Co.* 75 Wis. 130 (43 N. W. 732) ; *Anderson* v. *Stewart,* 76 Wis. 43 (44 N. W. 1091) ; *Moser* v. *St. Paul & D. R. Co.* 42 Minn. 480 (44 N. W. 530).

Whether the place where the animal was killed was within the space reasonably required for depot purposes is for the jury: *Grosse* v. *Chicago & N. W. Ry. Co.* 91 Wis. 482 (65 N. W. 185).

III. In communities where blocks are of ordinary size no fence is required; but where the streets are widely separated, the railroad companies must fence: *Coyle* v. *Chicago, M. & St. P. Ry Co.* 62 Iowa, 518 (17 N. W. 771) ; *Wymore* v. *Hannibal & St. J. R. Co.* 79 Mo. 247; *International & G. N. R. Co.* v. *Dunham,* 68 Tex. 231 (2 Am. St. Rep. 484, 4 S. W. 472).

For respondent there was an oral argument by *Mr. William David Fenton* and *Mr. Rufus Albertus Leiter,* with a brief over the names of *Mr. Fenton, Mr. William Mason Colvig* and *Mr. Leiter,* to this effect.

1. The complaint containing two distinct acts of negligence in one count, either one of which would give a cause of action prima facie—one based on a state statute, and the other on negligence at common law, the motion to require plaintiff to elect on which cause of action he intended to rely was well taken: *Matz* v. *Chicago & A. R. Co.* 88 Fed. 770; *Ruff* v. *Columbia & G. R. Co.* 42 S. C. 114 (20 S. E. 27) ; *Otis* v. *Mechanics' Bank,* 35 Mo. 128; *Dougherty* v. *Wabash R. Co.* 19 Mo. App. 419; *Brown* v. *Kansas City, etc., R. Co.* 20 Mo. App. 429; *Offield* v. *Wabash R. Co.* 22 Mo. App. 607; *Kern* v. *Pfaff,* 44 Mo. App.

32; *Harris* v. *Wabash R. Co.* 51 Mo. App. 125; *Marx* v. *Marx,* 89 Mo. App. 455; *Brady* v. *Ludlow Mfg. Co.* 154 Mass. 468 (28 N. E. 901) ; *Kansas Refrig. Co.* v. *Pert,* 3 Kan. App. 364 (42 Pac. 943) ; *Murphy* v. *Russell,* 8 Idaho, 133 (67 Pac. 421) ; *Van Hook* v. *Burns,* 10 Wash. 22 (38 Pac. 763) ; *Cartin* v. *South Bound R. Co.* 43 S. C. 224 (20 S. E. 979) ; *Seymore* v. *Rice,* 94 Ga. 184 (21 S. E. 293) ; *Southworth* v. *Bennett,* 58 N. Y. 659; *Spalding* v. *Saltiel,* 18 Colo. 86 (31 Pac. 486) ; *Plummer* v. *Mold,* 22 Minn. 15.

2. It is in the discretion of the trial court whether or not an election shall be required: *Manders* v. *Craft,* 3 Colo. App. 236 (32 Pac. 836) ; *Einson* v. *N. R. Elec. Co.* 68 N. Y. Supp. 836 (34 Misc. 191) ; *Nadelman* v. *Pitchel,* 74 N. Y. Supp. 893 (36 Misc. 768) ; *Kerr* v. *Hays,* 35 N. Y. 336; *Southworth* v. *Bennett,* 58 N. Y. 659; *People* v. *Tweed,* 63 N. Y. 199; *Carlton* v. *Pierce,* 83 Mass. (1 Allen) 26; *Crafts* v. *Belden,* 99 Mass. 539; *Brady* v. *Ludlow,* 154 Mass. 468 (28 N. E. 901) ; *Burgett* v. *Allen,* 54 Ark. 560 (16 S. W. 573) ; *Hawley* v. *Wilkinson,* 18 Minn. 525 (Gil. 468) ; *Wagner* v. *Nagel,* 33 Minn. 348 (23 N. W. 308) ; *Rhodes* v. *Pray,* 36 Minn. 392 (32 N. W. 86).

3. The place of entry of plaintiff's cow upon defendant's right of way, and the point at which said cow was struck by defendant's train, were within a portion of the incorporated Town of Gold Hill laid out and platted in lots and blocks, and the defendant is not liable for a failure to fence, being under no statutory obligation to do so at such place: B. & C. Comp. § 5146; *Eaton* v. *McNeill,* 31 Or. 128 (8 Am. & Eng. R. R. Cas. N. S. 680, 49 Pac. 875) ; *Chicago, B. & Q. R. Co.* v. *Hogan,* 27 Neb. 801 (43 N. W. 1148) ; same case on another appeal, 30 Neb. 686 (46 N. W. 1015) ; *Chicago, B. & Q. R. Co.* v. *Hans,* 111 Ill. 117.

4. The question of the extent of the station grounds should be determined by the trial judge as a question of law: *Illinois Cent. R. Co.* v. *Whalen,* 42 Ill. 396; *McGrath* v. *Detroit, M. & M. R. Co.* 57 Mich. 555 (24 N. W. 854) ; *Rinear* v. *Grand Rapids & I. R. Co.* 70 Mich. 620 (38 N. W. 599) ; *Toledo Ry. Co.* v. *Cory,* 39 Ind. 222; *Evansville Ry. Co.* v. *Willis,* 93 Ind. 507 ; *Davis* v. *Burlington R. Co.* 26 Iowa, 550.

5. Railroad station grounds include the ground necessary or useful and used for the purposes of the freight and passenger business of the road, embracing all the business in which the public are interested. This includes the switching and making up of trains and the use of sidetracks for the storing of cars and the places where the public require open and free access to the road: *Moses* v. *Southern Pac. Co.* 18 Or. 385 (8 L. R. A. 135, 23 Pac. 498); *Plunkett* v. *Minnesota Ry. Co.* 79 Wis. 225 (48 N. W. 519); *Rinear* v. *Grand Rapids & I. R. Co.* 70 Mich 620 (38 N. W. 599); *Grondin* v. *Duluth Ry. Co.* 100 Mich. 599 (59 N. W. 229); *Toledo Ry. Co.* v. *Spangler,* 71 Ill. 568; *Ohio Ry. Co.* v. *Roland,* 50 Ind. 349; *Cincinnati Ry. Co.* v. *Wood,* 82 Ind. 593; *Rabidon* v. *Chicago & W. M. Ry. Co.* 115 Mich. 390 (39 L. R. A. 405, 73 N. W. 386).

6. The place where the cow was killed was within the station grounds: *Toledo Ry. Co.* v. *Chapin,* 66 Ill. 504; *Peters* v. *Stewart,* 72 Wis. 133 (39 N. W. 380); *Mills & L. Lum. Co.* v. *Chicago Ry. Co.* 94 Wis. 338 (68 N. W. 996); *Rabidon* v. *Chicago & W. M. Ry Co.* 115 Mich. 390 (39 L. R. A. 405, 73 N. W. 386).

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

1. The first question presented for our determination is one of practice, and arises upon the trial court's allowance of the motion requiring the plaintiff to elect as to which cause of action he would proceed upon at the trial. The complaint, we think, may appropriately be characterized as containing a duplicate statement of distinct grounds of recovery for the same right of action; the right arising from the single transaction in killing plaintiff's animal. The defendant is charged, however, with two culpatory acts in the invasion of plaintiff's right—one for a common-law negligence, and the other for failure to fence, a duty imposed upon it by statute—for either one of which plaintiff is accorded a right of action but the relief is different. Upon the ground first named, the measure of relief is the value of the animal lost, but upon the other it is the value of the animal, enhanced by reasonable attorney's fees for the prosecution of the action (Section 5146, B. & C. Comp.), so that there are

stated in the complaint two grounds of recovery for the same
right; affording the plaintiff different reliefs, according to the
cause maintained. He could not have two judgments, however,
and a judgment in the one form would preclude a judgment in
the other, as the law does not allow double damages for the in-
vasion of the same right. For joining the two grounds or causes
of action in the same count, the defendant had its motion before
answer to strike out the complaint because they were not sep-
arately stated: B. & C. Comp. § 81. By pleading over the right
to interpose such a motion was waived.

2. There is, however, another exigency to which this motion
does not extend. If there be duplicate statements of the same
cause of action, or statements of different grounds of recovery
for the same right, the defendant is entitled, unless in excep-
tional cases, to have the plaintiff elect upon which ground or
cause he will proceed to trial, and the motion directed to that
purpose may be interposed at any time before the trial. Mr.
Pomeroy states the rule as follows: "Since the reformed plead-
ing requires the facts to be averred as they actually took place,
it does not, in general, permit a single cause of action to be set
forth in two or more different forms or counts, as was the fa-
miliar practice at the common law. The rule is undoubtedly set-
tled that, under all ordinary circumstances, the plaintiff who
has but one cause of action will not be suffered to spread it upon
the record in differing shapes and modes, as though he pos-
sessed two or more distinct demands; and, when he does so
without special and sufficient reason, he will be compelled, either
by a motion before the trial, or by an application and direc-
tion at the trial, to select one of these counts, and to abandon
the others": Pomeroy, Code Rem. (4 ed.), §§ 467, *576. Mr.
Phillips says: "It may safely be said that the true rule, resting
upon principle and supported by the weight of authority, now
is that where a plaintiff has a single right of recovery that may
rest upon one ground or upon another, according to the facts to
be shown by the evidence, and he cannot safely foretell the pre-
cise nature and limits of the defendant's liability to be developed
upon the trial, he may state his right of action variously, in sep-
arate causes of action. This privilege is an exception to the

general rule that each separate statement should set out a distinct and independent right of action, and, inasmuch as a pluralty of statements multiplies the issues and tends to obscure the real claim which the defendant will have to meet it is to be indulged only where it is fairly necessary for the protection of the plaintiff, and where it will not mislead or embarrass the defendant in his defense": Phillips, Code Plead. § 207. See, also, *Spaulding* v. *Saltiel* 18 Colo. 86 (31 Pac. 486) ; *Cramer* v. *Oppenstein,* 16 Colo. 504 (27 Pac. 716) ; *Brown* v. *Kansas City, etc., Ry. Co.* 20 Mo. App. 429; *Otis* v. *Mechanics' Bank,* 35 Mo. 128; *Cartin* v. *South Bound R. Co.* 43 S. C. 221 (20 S. E. 979, 49 Am. St. Rep. 829).

The rule is well illustrated by a case from California. The complaint was filed, containing two counts—one for services performed on a promise to pay therefor a definite sum, and the other for the same services at their reasonable worth—and, upon a motion to require plaintiff to elect, the supreme court, sustaining the ruling of the trial court, said that the plaintiff may set out the facts "in two separate forms when there is a fair and reasonable doubt of his ability to safely plead them in one mode only": *Wilson* v. *Smith,* 61 Cal. 209, 210. So, in Wisconsin, *Whitney* v. *Chicago, etc. Ry. Co.* 27 Wis. 327, where the court for a like reason held it to be allowable for the plaintiff to charge the defendant on separate grounds in the capacity of a carrier and a warehouseman. So it was in *Bishop* v. *Chicago & N. W. R. Co.* 67 Wis. 610, 616 (31 N. W. 219), the court saying: " 'Since it is no longer necessary, in order to protect the rights of the plaintiff, that he should set forth in different counts the same cause of action—variances between the allegations and the proofs being disregarded unless they actually mislead the adverse party to his prejudice upon the merits—the practice of so doing is disapproved of, because it is not in harmony with the spirit of the Code.' An exception to this method of pleading is recognized by this court in a case when the plaintiff cannot know beforehand the precise nature and limits of the defendant's liability to him, and in such case it is permissible to allow the plaintiff to state his cause of action differently in different counts." Upon the other hand, an election was re-

quired in *Harris* v. *Wabash Ry. Co.* 51 Mo. App. 125, and *Matz* v. *Chicago & A. R. Co.* (C. C.) 88 Fed. 770—cases very similar to the one at bar. Three counts were contained in each complaint for the same demand or upon the same right of action. One was for a failure to fence as required by statute; another, for a failure to ring the bell and sound the whistle at a railroad crossing, also in violation of a statute; and the third, for common-law negligence. In the first case it is said: "The remedy afforded to the defendant in such a case of improper intermingling of causes of action which may be united in one petition, but must be separately stated, is by motion to elect, such as was adopted by this defendant." And in the other: "Such pleading makes a chance medley, instead of a plain and concise statement of the facts constituting the cause of action, as required by the Code."

3. The practice, however, of allowing or disallowing a motion of the kind, is a matter largely within the sound discretion of the trial court: *Manders* v. *Craft,* 3 Colo. App. 236; *Carlton* v. *Pierce,* 1 Allen, 26; *Hawley* v. *Wilkinson,* 18 Minn. 525 (Gil. 468); *Plummer* v. *Mold,* 22 Minn. 15; *Wagner* v. *Nagel,* 33 Minn. 348 (23 N. W. 308); *Kerr* v. *Hays,* 35 N. Y. 331.

4. There should not be a confusion of the right of action with the cause of action. Different rights of action should always be separately stated when they can be united in the same complaint. Different grounds of action for the same right give rise to different causes, which may or may not be united, according to the rule denoted by the above authorities. In the present case, as we have seen, different grounds are assigned in the same count. The right of action is essentially the same, but the relief is different. For this latter reason the trial and the adjustment of a verdict would be attended with more or less confusion, and, the grounds being such in either alternative that the plaintiff must have known the precise nature and limits of the defendant's liability, we are of the opinion that the trial court's discretion in the premises was legally and properly exercised.

5. It is not an objection that the motion to elect was not made in the justice's court. It in no way changes the issue,

and might be made in the circuit court at any time before trial: *Wirth* v. *Bartell,* 84 Wis. 209 (54 N. W. 399).

6. The only other question presented relates to the court's direction to the jury to find a verdict for the defendant, and this may be resolved by a determination as to whether, as a matter of law, the animal was killed within the limits of the defendant's station grounds. The defendant's railroad extends through the platted portion of the Town of Gold Hill, the right of way occupying a strip 350 feet in width; and the station grounds, whatever may be their true limits, are entirely within such platted exterior. The animal was killed at the water tank, situated 520 or 530 feet easterly from the passenger depot, and used also as a general freight depot. A few feet east of the water tank is a switch for a side track, which runs parallel with and near the main line; passing in front of the passenger depot, between it and the main line, and connecting with the latter again some distance west. Three hundred and sixty feet east of the tank is another switch, giving passage upon a side track on the south. This latter diverges from the main line 50 or 60 feet at its widest limit, passes the depot building, and again connects with the main line 600 or 700 feet to the west. Upon this latter side track are situated three warehouses, used for storage and shipping purposes, one of which being located very near the water tank. A principal street of the Town of Gold Hill (Fourth Street) crosses the tracks of the company immediately east of the depot building. As to these facts there is or can be no controversy. The company claims that the yard limits extend beyond the switch intersections. The place of entry of the animal upon the defendant's tracks is not made a point for consideration in the case, nor is it material. By the statute, station grounds are not required to be fenced: B. & C. Comp. § 5146. The water tank was inside the switches used at the station for transferring to the side tracks, one of which tracks, as we have seen, together with the main line, was used in connection with the general depot for the receipt and discharge of passengers and freight, and the other in connection with the warehouse, where it was necessary that the public should have access for the convenient

[33—46 Or.]

transaction of business with the company. This establishes the locus in quo within the most restricted limits of station or depot grounds as defined by the authorities, more especially as it lies within the inner switch connection: 9 Am. & Eng. Enc. Law (2 ed.), 367; *Peyton* v. *Chicago, R. I. & P. Ry. Co.* 70 Iowa, 522 (30 N. W. 877); *Grosse* v. *Chicago & N. W. R. Co.* 91 Wis. 482 (65 N. W. 185); *Mills & L. Lum. Co.* v. *Chicago & St. Paul R. Co.* 94 Wis. 336 (68 N. W. 996). The length of the ordinary overland passenger trains will reach more than the distance from the water tank to the passenger depot, so that a train going east, with the engine taking water at the tank, would leave the hindmost coach resting back past the passenger depot, and at the same time would stand across a public street of the town. Such a demonstration leaves no rational ground upon which to predicate a question of fact for the jury. · There can be but one inference in the premises, which is that the entire space, at the very least, from the tank or first switch to the passenger depot, was within the proper limits of the defendant's station grounds at that point. The motion for · a directed verdict was therefore properly allowed: *McGrath* v. *Detroit, M. & M. R. Co.* 57 Mich. 555 (24 N. W. 854); *Rinear* v. *Grand Rapids & I. R. Co.* 70 Mich. 620 (38 N. W. 599); *Rabidon* v. *Chicago & W. M. R. Co.* 115 Mich. 390 (73 N. W. 386, 39 L. R. A. 405); *Illinois Central* v. *Whalen,* 42 Ill. 396.

These considerations affirm the judgment of the trial court, and it is so ordered.                                    AFFIRMED.

---

Decided 12 June, 1905.